UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CASE NO.: 05 CV 7856

ISRAEL COLLADO,

    Plaintiff,

v.

DOMINION MANAGEMENT COMPANY,
a New York company, and MILTON S. RINZLER,
individually,

    Defendants.

_____/

# COMPLAINT

1.    Plaintiff ISRAEL COLLADO (hereinafter referred to as "Plaintiff"), was an employee of DOMINION MANAGEMENT COMPANY and MILTON S. RINZLER (referred to as "Defendants"), and brings this action for overtime compensation, minimum wages and other relief under both the Fair Labor Standards Act, as amended, 29 U.S.C. §216(b), and New York Labor Law. Plaintiff performed janitorial and maintenance work at buildings owned by Defendant in New York, New York.

2.    Defendant company is a New York company that operates and conducts business in New York, New York, and is within the jurisdiction of this Court.

3.    This action is brought to recover from Defendants overtime compensation, minimum wages, liquidated damages, and the costs and reasonable attorney's fees under the provisions of Title 29 U.S.C. §216(b)(the Act).

4. Plaintiff alleges that under the New York Labor Law, Art 6, §§ 190 et seq., and Art. 19, §§ 650 et seq. (collectively "NYLL"), he is entitled to unpaid overtime wages from Defendants for his work beyond 40 hours per week; unpaid spread of hours payments from Defendants for each day he worked more than 10 hours; liquidated damages equal to 25 percent of his unpaid minimum and overtime wages; and attorney's fees and costs.

## JURISDICTION AND VENUE

5. Jurisdiction is conferred on this Court by Title 28 U.S.C. §1337 and by Title 29 U.S.C. §216(b). The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. At all material times relevant to this action, Defendant company was an enterprise covered by the FLSA as defined by 29 U.S.C. §§ 203(r) and 203(s).

6. Venue is proper in the Southern District of New York Pursuant to 28 U.S.C. § 1391(b) and (c).

7. At all times pertinent to this Complaint, Defendants failed to comply with Title 29 U.S.C. §§201-209, in that Plaintiff performed services for Defendants for which no provisions were made by the Defendants to properly pay Plaintiff for those hours worked in excess of forty (40) hours per week during one or more workweeks.

8. In the course of employment with Defendants, Plaintiff was not paid time and one-half of his regular rate of pay for all hours worked in excess of forty (40) hours per workweek during one or more workweeks.

9. The records, if any, concerning the number of hours actually worked by Plaintiff and the compensation actually paid to Plaintiff are in the possession and custody of Defendants.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION
## UNDER FAIR LABOR STANDARDS ACT

10. Plaintiff readopts and realleges all allegations contained in paragraphs 1 through 9 above.

11. Plaintiff is entitled to be paid time and one-half of his regular rate of pay for each hour worked in excess of forty (40) hours per workweek. Plaintiff regularly worked overtime hours.

12. By reason of the said intentional, willful and unlawful acts of Defendants, Plaintiff has suffered damages plus incurred costs and reasonable attorney's fees.

13. As a result of Defendants' willful violation of the Act, Plaintiff is entitled to liquidated damages.

## COUNT II
## RECOVER OF MINIMUM WAGES
## UNDER FAIR LABOR STANDARDS ACT

14. Plaintiff readopts and realleges all allegations contained in paragraphs 1 through 13.

15. Plaintiff is entitled to be paid at the current minimum wage rate of pay for each hour he worked during his employ.

16. Defendants willfully failed to pay Plaintiff at the current minimum wage, contrary to the requirements of Section 6 of FLSA (29 U.S.C. §206).

COUNT III
NY MINIMUM WAGE/OVERTIME COMPENSATION

17. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 16 above.

18. At all times relevant to this action, Plaintiff was an employee of Defendants, and Defendants were Plaintiff's employers, as defined by N.Y. Labor Law §§ 2(5), 2(6), 651(5) and 651(6).

19. At all times relevant to this action, the state minimum wage was either 5.15 per hour, or $6.00 per hour as of January 1, 2005, as codified by N.Y. Labor Law § 652(1).

20. Defendants deliberately did not pay Plaintiff for any hours he worked.

21. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff the minimum wage for the first forty hours of work performed in each week, in violation of N.Y. Labor Law § 592(1).

22. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff his regular rate of pay for the first forty hours of work performed in each week, in violation of N.Y. Labor Law §§ 191(1)(a) and (3).

23. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff overtime compensation at a rate not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Labor Law §§ 650 et seq.; 12 NYCRR § 142-2.2.

24. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff an additional hour of pay at minimum wage for each day he worked more than ten (10)

hours, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Labor Law §§ 650 et seq.; 12 NYCRR § 142-2.4.

25.     Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid regular wages, unpaid overtime compensation, unpaid spread of hours compensation, and an additional twenty-five (25) percent as liquidated damages, reasonable attorney's fee, and costs of the action, pursuant to N.Y. Labor Law § 663(1).

COUNT IV
MAINTENANCE OF EMPLOYMENT RECORDS

26.     Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 25 above.

27.     Defendants intentionally failed to maintain adequate and accurate written records for the hours worked and wages earned by Plaintiff in order to facilitate the exploitation of Plaintiff's labor.

28.     Defendants' knowing and intentional acts constitute a violation of N.Y. Labor Law § 195(4).

29.     Defendants' knowing and intentional acts constitute a violation of 20 U.S.C. § 211(c) and 29 CFR § 516.2.

30.     As a result of the foregoing, Plaintiff has been injured, and Defendants have profited thereby, in an amount to be proven at trial.

WHEREFORE, Plaintiff requests that this Court grant the following relief:

i. Declare Defendants' conduct complained of herein to be a violation of Plaintiff's rights under the Fair Labor Standards Act and the New York Labor Law;

ii. Award Plaintiff unpaid minimum wages and overtime compensation due under the Fair Labor Standards Act and an additional equal amount as liquidated damages because of Defendants' willful failure to pay both minimum wage and overtime pay, pursuant to 29 U.S.C. § 216;

iii. Award Plaintiff unpaid regular wages, spread of hours compensation, and overtime compensation under the New York Labor Law and an additional 25% as liquidated damages, pursuant to N.Y. Labor Law § 663(1);

iv. Award Plaintiff prejudgment interest;

v. Award Plaintiff the costs of this action together with reasonable attorney's fees; and such other and further relief as this court deems necessary and proper.

DATED this 7th day of September 2005.

        THE LAW OFFICE OF JUSTIN A. ZELLER, P.C.
        305 Broadway, 9th Floor
        New York, NY
        Tel: (212) 897-5859
        Fax: (212) 822-1407


        _____
        JUSTIN A. ZELLER
        J.Z.7094

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ISRAEL COLLADO,

    Plaintiff,

v.

DOMINION MANAGEMENT COMPANY,
a New York company, and MILTON S. RINZLER,
individually,

    Defendants.

### SUMMONS & COMPLAINT

THE LAW OFFICE OF JUSTIN A. ZELLER, P.C.
Attorney for Plaintiff
305 Broadway, 9th Floor
New York, NY 10029
Phone: 212.897.5859
Fax: 212.822.1407
Email: jazeller@zellerlegal.com

To:

DOMINION MANAGEMENT COMPANY
200 MADISON AVENUE 24th FLOOR
NEW YORK, NY 10016

MARTIN S. RINZLER
200 MADISON AVENUE 24th FLOOR
NEW YORK, NY 10016